**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-6072**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CHRISTOPHER SHANE COLIN,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Charles H. Haden II, District Judge.  (CR-01-209-5; CA-02-1223-5)

_____

Submitted:  August 1, 2005          Decided:  August 31, 2005

_____

Before MOTZ, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Tracy Weese, Shepherdstown, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Christopher Shane Colin appeals from his conviction and sentence following a guilty plea to a single count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924 (2000). Finding no plain error in the district court's imposition of Colin's sentence under the sentencing guidelines, we affirm.

Colin submitted an initial brief pursuant to Anders v. California, 386 U.S. 738 (1967). Following the issuance of the Supreme Court's opinion in United States v. Booker, 125 S. Ct. 738 (2005), Colin filed supplemental briefs in which he argued the district court's imposition of sentence violated his Sixth Amendment right to trial by jury.

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. See Booker, 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines

- 2 -

advisory. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (citing Booker, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court)).

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If the district court imposes a sentence outside the guideline range, it must state its reasons for doing so. Hughes, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether or not the sentence violates the Sixth Amendment. Id. at 547 (citing Booker, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).

Because Colin did not object to the district court's imposition of sentence, he must demonstrate that any error in the court's application of the guidelines constituted plain error. Id. at 547-48. To demonstrate plain error, he must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. Applying this standard, we conclude that the district court did not commit reversible error either by establishing a base offense level of twenty-four on account of Colin's two prior felony convictions or by enhancing that offense level by two points on the ground that the offense involved a stolen firearm.

First, the district court's consideration of Colin's prior felony convictions in the calculation of his base offense level does not run afoul of Booker. See Booker, 125 S. Ct. at 756 (reaffirming right of district court to consider prior convictions in the context of application of guidelines); United States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (holding that, under the Sixth Amendment, the fact of a prior conviction need not be submitted to the jury or admitted by the defendant for it to serve as a permissible basis for a sentencing enhancement). Nor did the district court commit reversible error by enhancing Colin's offense level by two points on account of its finding that the offense involved a stolen firearm. While Booker and Hughes dictate a conclusion that mandatory application of this sentencing enhancement by the district court was erroneous[1] and that the error was plain, we decline to recognize the error because it did not infringe Colin's Sixth Amendment rights. As noted, Colin's two prior convictions required the district court to set a base offense level of twenty-four. Combined with Colin's criminal history category of V, this yielded a sentencing range of 92 to 115 months' imprisonment. Colin's sentence of 105 months fell squarely within

---

[1]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Colin's sentencing.

this range.[2]  Accordingly, Colin cannot show that the application of the judicially determined enhancement for an offense that involved a stolen firearm violated his rights under the Sixth Amendment.

We likewise conclude that the district court's application of a mandatory guidelines scheme does not amount to plain error.  Our review of the sentencing transcript discloses no evidence that the district court felt constrained by the guidelines range or that it wished to sentence Colin below that range.  See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (declining to presume prejudice in the absence of judicial statements relating to alternative sentence).  Accordingly, Colin cannot demonstrate plain error on the basis of a mandatory application of the guidelines scheme.

Finding no meritorious issues upon our review of the record, we affirm the judgment of the district court.  We deny counsel's motion to withdraw.  This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such

---

[2]As in United States v. Evans, 416 F.3d 298 (4th Cir. 2005), for purposes of determining whether Colin's Sixth Amendment rights were infringed by the district court's error, we compare the sentence imposed on Colin against the guideline range that was properly determined before that range was adjusted to account for the three-point reduction in offense level Colin received for acceptance of responsibility.

a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED